Hand-Delivered

FILED
ASHEVILLE, N.C.

FEB 10 2020

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO.

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARK NICHOLAS PYATT, and<br>WINSTON REED INVESTMENTS L.L.C.,<br><br>Defendants,<br><br>DANIEL GREGORY RANDOLPH,<br><br>Relief Defendant. | FILED UNDER SEAL<br><br>1:20 cv 38 |

**PLAINTIFF'S *EX PARTE* MOTION TO SEAL ENTIRE FILE**

Plaintiff Securities and Exchange Commission ("SEC") moves *ex parte*, pursuant to LCvR 6.1, for an order allowing the SEC to seal for a limited time the entire file in this matter which includes: this motion to seal, the SEC's Complaint, its *ex parte* motion for temporary restraining order, asset freeze and other related relief, the memorandum of law with supporting declarations and exhibits, any related orders that the Court may enter, and the docket sheet. These pleadings and other documents are referred to herein as the "Materials."

The SEC requests that the Materials be sealed temporarily for no longer than two weeks to allow it to serve, assuming it is granted, the temporary restraining order and asset freeze (referred to as the "TRO") upon the various financial institutions that hold assets of the defendants Michael Nicholas Pyatt and Winston Reed Investments L.L.C. and relief defendant Daniel Gregory Randolph (jointly referred to as "Defendants"), and to allow the United States

Attorney for the Western District of North Carolina to initiate a parallel criminal case and serve any related arrest warrants.

### 1. Non-confidential description of material sought to be sealed.

The SEC requests that the following Materials be temporarily sealed: 1) civil coversheet; 2) Complaint; 3) *ex parte* motion for temporary restraining order and asset freeze; 4) memorandum of law in support of temporary restraining order; 5) Declaration of Jacqueline Moessner; 6) Declaration of Kerry Matticks; 7) Declaration of Charles Bieller; 8) Declaration of Gary Connor; 9) Declaration of Erin Stieve; 10) supporting Exhibits 1-40 submitted with the declarations; 11) proposed, and any issued, Temporary Restraining Order and Order to Show Cause; and 12) this motion to seal and any related Order to Seal.

### 2. Statement Why Sealing is Necessary and There Are no Alternatives to Filing under Seal.

The SEC requests that the Court seal these Materials for a limited time of no longer than two weeks for two reasons. First, the SEC requests these Materials be temporarily sealed to allow the SEC to serve the *ex parte* TRO upon the banks and brokerage firms of the Defendants before the Defendants receive notice of this civil action: (1) to prevent the Defendants from concealing or dissipating assets; (2) to prevent destruction of documents in this matter; and (3) to prevent the Defendants from having the opportunity to avoid service. Entry of an *ex parte* TRO and service upon the financial institutions will preserve Defendants' funds and other property to be available to satisfy the SEC's request for disgorgement of the ill-gotten proceeds that Mark Pyatt and Winston Reed obtained through securities fraud, and also to preserve funds transferred to Daniel Randolph without consideration.

While engaged in securities fraud in violation of 15 U.S.C. §§ 77q(a), 78j(b), and 17 C.F.R. § 240.1b-5, Pyatt and Winston Reed obtained approximately $218,000 from at least 20

2

investors. To conceal his role in the fraud, Pyatt used an alias "Dan Randolph" to solicit some of the investors, and used accounts held in the name of Winston Reed or relief defendant Daniel Randolph to collect investors' funds. Pyatt misappropriated over $115,000 of investors' funds to pay his personal expenses and withdrew approximately $45,000 in cash. Pyatt and Winston Reed transferred approximately $23,787 to Randolph or financial institutions for Randolph's benefit. While only a small amount of investors' funds remains in the bank or brokerage accounts that the SEC has identified to date, other accounts may be uncovered during expedited discovery. Maintaining the Materials under seal until the TRO is served upon banks and brokerage firms will preserve the status quo and prevent the Defendants from concealing or dissipating their assets. There are no alternatives to filing under seal that will enable the SEC to effect the asset freeze before the Defendants can move or conceal assets.

Second, the SEC is aware that the United States Attorney for the Western District of North Carolina is investigating related conduct in a parallel criminal matter. The SEC requests that its civil case remain sealed until an arrest warrant is executed in the criminal case. The SEC is concerned that if the Defendants learn of its civil case before the criminal case becomes public, Defendants may attempt to evade service. Over the past two years, Pyatt used an alias to hide his identity, used financial accounts titled in the names of others to conceal his financial transactions, and moved around the country living in an RV trailer with no ties to any particular location. If the Materials are not sealed, Defendants will have the opportunity to conceal or dissipate assets, destroy or alter documents, and to evade or avoid service.

**3. Statement Indication How Long Materials Are To Be Maintained Under Seal.**

The SEC requests that the Materials will remain under seal for the earlier of 1) two weeks or 2) until the SEC provides notice to the Court that the Defendants have been served with the

3

Complaint. Two weeks will enable the SEC to serve the TRO upon the banks and brokerage firms, before it serves the Complaint upon the Defendants, and will enable the United States Attorney's Office to pursue any necessary actions in the parallel criminal case.

### 4. Supporting Authority

Under common law, the decision of whether to seal or unseal a document is committed to the sound discretion of the trial court, subject only to a few procedural limitations. *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1084); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1977). While there is a strong presumption that court files will be open to the public, "a court has the power to seal files where a party's interest in privacy may outweigh the public interest." *Commodity Futures Trading Comm'n v. Bolze*, No. 3:09–CV–88, 2009 U.S. Dist. LEXIS 1764, at *1-2, 2009 WL 605248, at *1 (E.D. Tenn. Mar. 3, 2009) (order sealing motion for TRO until after service of complaint) (citing *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997)).

In civil cases, the court enjoys considerable discretion in determining whether good cause exists to grant a motion to seal. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). An order to seal is especially warranted where interests sought to be protected include preventing concealment and dissipation of assets and where the seal would be temporary and is sought by an independent federal regulatory agency. *Commodity Futures Trading Comm'n v. Bolze*, No. 3:09–CV–88, 2009 U.S. Dist. LEXIS 1764, at *1-2, 2009 WL 605248, at*1 (E.D. Tenn. March 3, 2009). The SEC has obtained temporary orders to temporarily seal its civil proceedings to effectuate notice of the temporary restraining order and asset freeze obtained in other civil cases. *See SEC v. Bernard H. Butts, Jr.*, No. 13-cv-23115 (S.D. Fla. Aug. 30, 2013) (copy of order attached).

4

As noted in the Advisory Committee Notes to LCvR 6.1, in criminal proceedings the court may close the proceedings if (1) closures serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest. *In re Washington Post Co.,* 807 F.2d 383, 392 (4th Cir. 1986) (criminal proceedings may be closed to the public without violating First Amendment rights if these conditions are met).

**Argument**

Although this is a civil case, the SEC meets the compelling interest criteria discussed in the *Washington Post* case to temporarily seal the Materials in this case. First, the SEC has compelling interests to protect in seeking the Materials in this case be sealed until the TRO and asset freeze is served on various financial institutions and the Defendants. The SEC is an independent federal regulatory agency that is charged with responsibility for administering and enforcing the provisions of the federal securities laws, 15 U.S.C. § 77a *et seq.* In this emergency action, the SEC seeks an *ex parte* asset freeze to preserve Defendants' assets and other relief to ensure that if the SEC obtains a judgment, money will be available to satisfy that judgment and assist harmed investors. *See* Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order and memorandum of law filed herewith.

Temporarily sealing the Materials in this civil action will also serve another compelling interest - to preserve the public interest in the investigation of crime which is best served if information about the case is sealed "for a reasonable time . . . while the investigation is continuing." *Baltimore Sun Co. v. Goetz*, 886 F2d 60, 62 (4th Cir. 1989). The SEC is aware that the United States Attorney for the Western District of North Carolina is investigating a parallel criminal case. Sealing the civil Materials for a limited time will enable the United States

Attorney for the Western District of North Carolina to complete its criminal investigation and take whatever steps are necessary to initiate its case.

Second, these compelling interests to preserve assets so Defendants do not dissipate them pending a final judgment, to ensure that victims of the securities fraud are compensated, and to protect the public interest in the investigation of a crime will be harmed if Defendants receive advance notice of the SEC's request for the TRO and asset freeze. Advanced notice may allow the Defendants to conceal or dissipate assets, alter or destroy evidence, and evade service in this case or in the criminal investigation.

Third, the SEC's request to seal the Materials is temporary and limited to less than two weeks. There is no alternative to closure that would adequately protect that compelling interests of preserving the assets and protecting the public interest in the investigation of a criminal matter. Within two weeks the SEC will move to unseal the Materials after it has served the financial institutions with the TRO, and been advised by the United States Attorney's Office that the criminal investigation is public. The Defendants' interests will be protected at the show cause hearing that will address the SEC's request to convert the TRO into a preliminary injunction.

The SEC is seeking to protect the compelling interests discussed above, the compelling interests will be harmed if the Materials are not submitted under seal, and the temporary nature of the request which is limited to two weeks is an alternative that would adequately protect those compelling interests. The SEC requests that this matter remain sealed until the earlier of two weeks or when the SEC provides notice to the Court that it has served the pleadings and documents upon the Defendants and Relief Defendant.

WHEREFORE the SEC respectfully requests that this application to seal the Materials be granted. The SEC requests that the civil case be available electronically to the court only. The SEC has filed a proposed order with this application.

Dated: February 10, 2020

Respectfully submitted,

s/ Leslie J. Hughes
Leslie J. Hughes (Col. Bar No. 15043)
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1086
HughesL@sec.gov

*Attorney for Plaintiff*
*Securities and Exchange Commission*

7

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-23115-CIV-MARTINEZ-MCALILEY

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

BERNARD H. BUTTS, JR., FOTIOS GEIVELIS,
JR., a/k/a FRANK ANASTASIO, WORLDWIDE
FUNDING III LIMITED LLC, DOUGLAS J.
ANISKY, SIDNEY BANNER, EXPRESS
COMMERCIAL CAPITAL LLC, JAMES BAGGS,

    Defendants,

BERNARD H. BUTTS, JR. PA, BUTTS HOLDING
CORPORATION, MARGARET A. HERING,
GLOBAL WORLDWIDE FUNDING VENTURES,
INC., PW CONSULTING GROUP LLC,

    Relief Defendants.
_____/

FILED by _____ D.C.

AUG 3 0 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

## SEALED ORDER AUTHORIZING PAPERS TO BE FILED UNDER SEAL

THIS CAUSE came before the Court upon Plaintiff Securities and Exchange Commission's Motion to File Under Seal Its Complaint, Emergency *Ex Parte* Motion for Temporary Restraining Order, and Other Documents (D.E. No. 3). The Plaintiff has shown good cause that the Court should temporarily seal this matter to allow Plaintiff to effectuate the asset freeze this Court is ordering by separate order. After careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1.    Plaintiff Securities and Exchange Commission's Motion to File Under Seal Its Complaint, Emergency *Ex Parte* Motion for Temporary Restraining Order, and Other Documents

(D.E. No. 3) is **GRANTED**.

2.The Complaint, Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief and Memorandum of Law in Support, all other pleadings, motions, exhibits, papers, and any and all Court Orders in this matter, including this Order, and the docket sheet, shall be sealed until the earlier of: (1) three business days after the date and time the Court issues a temporary restraining order in this matter; or (2) the day the Commission notifies the Court and the Clerk of Court that the Commission has effectuated the asset freeze and the seal is no longer necessary. Upon the occurrence of either of those two events, the Clerk of Court may then unseal the docket and all papers and orders filed in this case.

3.During the period this matter is sealed, the Plaintiff may provide documents to any financial institution to give it notice of the asset freeze.

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of August, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record