**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO: 1:20-CV-00038-MOC**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MARK NICHOLAS PYATT, and** | ) | |
| **WINSTON REED INVESTMENTS L.L.C.,** | ) | **ORDER** |
| | ) | |
| Defendants, | ) | |
| | ) | |
| **DANIEL GREGORY RANDOLPH,** | ) | |
| | ) | |
| Relief Defendant. | ) | |

**ORDER EXTENDING TEMPORARY RESTRAINING ORDER**

**THIS MATTER** is before the Court on an ex parte motion of the Securities and Exchange Commission ("SEC"), requesting an order extending the Temporary Restraining Order (Doc. No. 10), which was entered on February 11, 2020 and is due to expire on February 25, 2020 (Doc. No. 6). The SEC requests, pursuant to Federal Rule of Civil Procedure 65(b)(2), that the Temporary Restraining Order be extended an additional fourteen days and that a hearing be set on or before March 10, 2020 to address the SEC's request that the Defendants Mark N. Pyatt, Winston Reed Investments L.L.C. ("Winston Reed"), and Relief Defendant Daniel G. Randolph show cause why a preliminary injunction should not be entered against them and the asset freeze continue until this civil action is resolved. For the following reasons, the Court finds there is good cause to extend the Temporary Restraining Order for fourteen days.  Accordingly, the motion is **GRANTED.**

SEC represents that Mr. Pyatt was arrested in North Dakota in a related criminal action, United States v. Mark Nicholas Pyatt, No. 1:20-CR-0016 (W.D.N.C. Feb. 5, 2020), and made his

initial appearance in the criminal case on February 18, 2020, and that he was scheduled to appear in North Dakota at another hearing in the criminal case on February 21, 2020. Because Mr. Pyatt is currently detained in the criminal case in North Dakota, it is unlikely that he will be able to appear at a hearing in this civil case in North Carolina on or before February 25, 2020, the date when the current Temporary Restraining Order is set to expire. The SEC also represents that Mr. Pyatt, Mr. Randolph, both individually and as the registered agent for Winston Reed, were served with the pleadings for this civil case on February 19, 2020. None of them have entered an appearance in this civil case either individually or through counsel, and they are unlikely to appear at a hearing on or before February 25, 2020. The SEC also represents that it served the Temporary Restraining Order on known financial institutions that identified approximately $1,458.40, $1,044.85, and $0.05 frozen in the accounts of Mr. Pyatt, Mr. Randolph, and Winston Reed.

The Court finds that extending the Temporary Restraining Order and asset freeze for an additional fourteen days will allow the Defendants and Relief Defendant to obtain counsel or make arrangements to appear at the hearing, allow them to prepare any response to the relief requested by the SEC, and preserve the status quo of the asset freeze. Therefore, SEC has established good cause to extend the Temporary Restraining Order and asset freeze for an additional fourteen days. See H-D Michigan, LLC v. Hellenic Duty Free Shops S.A., 694 F.3d 827, 844 (7th Cir. 2012) (recognizing that federal district courts extend temporary restraining orders "to provide the parties adequate time to prepare for a preliminary injunction hearing").

**IT IS, THEREFORE, ORDERED** that the Temporary Restraining Order and asset freeze, entered on February 11, 2020 (Doc. No. 6), is **EXTENDED** for an **additional fourteen days through March 10, 2020.**

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendant **SHALL** appear

before this Court on **March 6, 2020** at **9:30 a.m.**, at the **Asheville Courthouse**, located at 100 Otis Street, Asheville, North Carolina, 28801, to show cause, if any exists, why this Court should not enter a preliminary injunction enjoining Defendants from further violations of the Securities Act and Exchange Act, continuing the freeze on the assets of Defendants and Relief Defendant, and ordering any additional relief as the Court deems appropriate. Defendants and Relief Defendant shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the SEC's counsel, Leslie J. Hughes, Esq., Securities and Exchange Commission, 1961 Stout Street, Suite 1700, Denver, Colorado 80206, or via email to HughesLJ@sec.gov, no later than **three full business days** before such hearing. The SEC may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply, if any, on Defendants and Relief Defendant or their respective attorneys by facsimile transmission, email, courier service, or other means as the SEC may reasonably determine will give Defendants and Relief Defendant or their attorneys prompt delivery of these papers.

SO ORDERED.

Signed: February 24, 2020

Max O. Cogburn Jr
United States District Judge