# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO: 1:20-CV-0038-MOC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARK NICHOLAS PYATT, and<br>WINSTON REED INVESTMENTS L.L.C.,<br><br>Defendants, and<br><br>DANIEL GREGORY RANDOLPH,<br><br>Relief Defendant. | ORDER ENTERING<br>PRELIMINARY INJUNCTION<br>AND ASSET FREEZE AGAINST<br>DANIEL G. RANDOLPH |

**THIS MATTER** is before the Court on the unopposed motion of the Plaintiff Securities and Exchange Commission and consent of Relief Defendant Daniel G. Randolph for entry of the preliminary injunction and to continue the freeze of the assets of Mr. Randolph up to the amount of $23,787. The parties request modification of the asset freeze to allow Mr. Randolph to deposit his paychecks into the bank account of his wife, Mary Delgado, at Gate City Bank in Williston, North Dakota, and that Mr. Randolph's net monthly salary of approximately $5,200 not be subject to the asset freeze, so that he may pay reasonable living expenses for his wife, children and himself. Mr. Randolph also requests that he be excused from appearing at the March 6, 2020 hearing, because he has consented to entry of the preliminary injunction and continuation of the asset freeze. The SEC does not object to the modification of the asset freeze to allow Mr. Randolph to deposit his current salary into the account of his wife, Mary Delgado, at Gate City Bank in Williston, North Dakota, and use those funds to pay his reasonable living

expenses. The SEC also does not object to Mr. Randolph's request to be excused from attending the hearing on March 6, 2020.

The Court finds, based on the consent of Mr. Randolph, that there is good cause for entry of the preliminary injunction and to continue the asset freeze up to the amount of $23,787, and to modify the asset freeze to allow Mr. Randolph to deposit his paychecks into the bank account of his wife and to use the funds to pay his reasonable living expenses. The motion for entry of the preliminary injunction and modified asset freeze against Mr. Randolph is GRANTED.

IT IS THEREFORE ORDERED that a preliminary injunction is entered, pursuant to Federal Rule of Civil Procedure 65(a), as to Relief Defendant Daniel Gregory Randolph, until resolution of this matter on the merits or further order of this Court:

A. The assets, funds, or other property held by or under direct or indirect control of Relief Defendant Daniel Randolph whether held in his name or for his direct or indirect beneficial interest, wherever located, up to the amount of $23,787 are frozen including, but not limited to, the accounts listed below:

| Financial Institution | Account Name | Account number |
|---|---|---|
| TD Ameritrade Inc. | Daniel G. Randolph | xxx-xx5750 |
| TD Ameritrade Inc. | Daniel G. Randolph | xxxxx504 |
| TD Ameritrade Inc. | Daniel G. Randolph | xxxxxx5729 |
| JPMorgan Chase Bank | Daniel G. Randolph | xxxxx7806 |
| First International Bank and Trust | Daniel G. Randolph | xxxxxx3832 |
| First International Bank and Trust | Winston Reed Investments LLC | xxxxxx4657 |
| Synchrony Bank | Daniel G. Randolph | xxxxxxxxxxxx2415 |
| CommunityWide Federal Credit Union | Daniel G. Randolph | xxxxxx2666 |

B. Relief Defendant, and his respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

this order by personal service or otherwise, and each of them shall hold and retain within their control, and otherwise prevent any disposition, transfer, off-set, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to the accounts and assets listed above in paragraph A.

    C.    Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets of the Relief Defendant, up to the amounts identified in paragraph A, held in the name of, for the benefit of, or under the control of the Relief Defendant or their officers, directors, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, pledging, transfer, other use or disposal of any such funds or other assets, including but not limited to assets held in the accounts listed above in paragraph A.

    D.    No person or entity, including the Relief Defendant, or any creditor or claimant against the Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

IT IS FURTHER ORDERED that the asset freeze is modified to allow Mr. Randolph to deposit his current paychecks into an account held in the name of his wife Mary Delgado at Gate City Bank in Williston, North Dakota and that he may use those funds to pay his reasonable

living expenses. The asset freeze does not apply to the bank account held in the name of Mary Delgado at Gate City Bank in Williston, North Dakota.

IT IS FURTHER ORDERED that Mr. Randolph does not need to appear at the Order to Show Cause hearing set for March 6, 2020 at 9:30 a.m. before this Court.

SO ORDERED.

Signed: March 4, 2020

Max O. Cogburn Jr
United States District Judge