IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 38

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| MARK NICHOLAS PYATT, and WINSTON REED INVESTMENTS LLC, | ) ) ) | |
| Defendants, | ) ) | |
| DANIEL GREGORY RANDOLPH, | ) ) | |
| Relief Defendant. | ) ) | |

This matter is before the Court on the Motion to Obtain Consumer Credit Report filed by Plaintiff Securities and Exchange Commission ("SEC") (Doc. 24).

On February 11, 2020, the Hon. Max O. Cogburn Jr., District Court Judge, entered a sealed Temporary Restraining Order ("TRO") in part directing Defendant Mark Nicholas Pyatt ("Pyatt") and Relief Defendant to submit certain identity information to the Court and the SEC within two (2) business days following service of the TRO. (Doc. 6).[1]

---

[1] The Court later granted a motion by the SEC for a preliminary injunction and extended the terms of the TRO. (Doc. 18).

The record indicates that Pyatt was served with the TRO on February 19, 2020. (Doc. 13).

Pyatt, however, failed to produce the requested information and, therefore, on or around April 14, 2020, the SEC mailed Pyatt a letter requesting that he produce the information by April 22, 2020. The SEC also included a consent form for Pyatt to sign that would enable the SEC to obtain his credit report. (Doc. 24-1).

Pyatt responded that he could not produce much of the requested information because he has been incarcerated since February 14, 2020 and he refused to sign the consent form. (Doc. 24-2).

In the instant Motion, the SEC requests that the Court issue an order allowing the SEC to obtain Pyatt's consumer credit report. The SEC argues that "Mr. Pyatt's consumer credit report is relevant and material to identifying all the bank or brokerage accounts that Mr. Pyatt may have used to obtain investors' funds in connection with the security fraud alleged in the SEC's complaint." (Doc. 24) at 3. The Motion does not request that a specific credit reporting agency be directed to produce the report, specify an expiration date for the requested authorization, or describe whether the authorization would enable the SEC to obtain multiple copies of Pyatt's report.

Pyatt has not responded to the Motion and the time for doing so has expired.[2]

A period of court-enforced discovery has not begun in this case. However, as Defendant has been directed by the District Court to provide certain identity information, as the record indicates that at least some of that information has not been provided, and otherwise for the reasons stated in the Motion, the undersigned finds that allowing the SEC to obtain a copy of Pyatt's consumer credit report is appropriate, subject to certain limitations.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Obtain Consumer Credit Report (Doc. 24) is **GRANTED**, and the SEC is given leave to obtain, and a "consumer reporting agency" may furnish, one (1) copy of Pyatt's consumer credit report. See 15 U.S.C. § 1681b(a)(1). This authorization shall expire 90 days from the date of this Order.

---

[2] On May 28, 2020, counsel for the SEC filed a document from Pyatt entitled "My Answer & Pleading". (Doc. 25). The undersigned interprets that document as pertaining to the SEC's Complaint, not the instant Motion.

2. The SEC is **DIRECTED** to provide the Clerk's Office with a redacted copy of the consent form (Doc. 24-2) at 7 from which Pyatt's social security number has been removed so that it may be substituted on the docket.

Signed: June 18, 2020

W. Carleton Metcalf
United States Magistrate Judge