UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO: 1:20-CV-00038-MOC-WCM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MARK NICHOLAS PYATT, and

WINSTON REED INVESTMENTS L.L.C.,

Defendants, and

DANIEL GREGORY RANDOLPH,

Relief Defendant.

**CONSENT JUDGMENT**

**FINAL JUDGMENT AS TO DEFENDANT MARK NICHOLAS PYATT**

The Securities and Exchange Commission having filed a Complaint and Defendant Mark Nicholas Pyatt having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment ; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

Case 1:20-cv-00038-MOC-WCM   Document 31   Filed 11/20/20   Page 1 of 6

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $255,850.00, jointly and severally with defendant Winston Reed Investments LLC, representing profits gained as a result of the conduct alleged in the Complaint. Defendant's disgorgement liability shall be deemed satisfied by entry of an anticipated order of restitution of $255,850.00 to be entered against Mark Pyatt in *United States v. Mark Nicholas Pyatt a/k/a Daniel G. Randolph*, Crim. No. 1:20-cr-0016-MOC-WCM (W.D. N.C.).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant gives up all right, title, and interest in all assets held in brokerage or bank accounts, including those assets frozen pursuant to this Court's Order granting a preliminary injunction and assets freeze [Doc. No. # 18]; that such assets shall be remitted to the Clerk of the U.S. District Court for the District of Colorado; and that such assets shall be available to be used to satisfy the order of restitution

3

Case 1:20-cv-00038-MOC-WCM   Document 31   Filed 11/20/20   Page 3 of 6

entered in *United States v. Mark Nicholas Pyatt a/k/a Daniel G. Randolph*, Crim. No. 1:20-cr-0016-MOC-WCM (W.D. N.C.). Those assets include, without limitation: (1) a brokerage account opened in the name of Daniel G. Randolph with TD Ameritrade, Inc. ending with the number xxxxx5750; and (2) a bank account opened in the name of Mark Pyatt with HomeTrust Bank ending with the number xxxxx4184.

Any person or institution holding any assets of Mark Nicholas Pyatt a/k/a Daniel G. Randolph shall remit all proceeds from those assets to the Clerk of the U. S. District Court for the Western District of North Carolina. Checks shall be made payable to the Clerk of the U. S. District Court and mailed to:

> Clerk of the Court
> Western District of North Carolina
> 100 Otis Street, Room 309
> Asheville, NC 28801
>
> The following information shall be included on each check"
>
> Name of Defendant: Mark N. Pyatt
> Court Number: 1:20-cr-0016-MOC-WCM

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 5 days after being served with a copy of this Final Judgment, TD Ameritrade Inc. shall transfer the entire balance of the following TD Ameritrade Inc. account, held in the name of Daniel G. Randolph with account number ending in 5750, which were frozen pursuant to an Order of this Court, to the Clerk of the U. S. District Court for the Western District of North Carolina so such assets shall be available to be used to satisfy the order of restitution entered in *United States v. Mark Nicholas Pyatt a/k/a Daniel G. Randolph*, Crim. No. 1:20-CR-0016-MOC-WCM (W.D. N.C.).

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 5 days after being served with a copy of this Final Judgment, HomeTrust Bank shall transfer the entire balance of any and all moneys received from Defendant Mark Nicholas Pyatt, also known as Daniel G. Randolph which were frozen pursuant to an Order of this Court, to the Clerk of the U. S. District Court for the Western District of North Carolina so such assets shall be available to be used to satisfy the order of restitution entered in *United States v. Mark Nicholas Pyatt a/k/a Daniel G. Randolph*, Crim. No. 1:20-CR-0016-MOC-WCM (W.D. N.C.).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED.**

Signed: November 20, 2020

Max O. Cogburn Jr.
United States District Judge