**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO: 1:20-CV-00038-MOC-WCM**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. MARK NICHOLAS PYATT, and WINSTON REED INVESTMENTS L.L.C., Defendants, and DANIEL GREGORY RANDOLPH, Relief Defendant. | **CONSENT JUDGMENT** |

**FINAL JUDGMENT AS TO DEFENDANT WINSTON REED INVESTMENTS LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Winston Redd Investments LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $255,850.00, jointly and severally with defendant Mark Nicholas Pyatt, representing profits gained as a result of the conduct alleged in the Complaint. Defendant's disgorgement liability shall be deemed satisfied by entry of an anticipated order of restitution of $255,850.00 entered against Mr. Pyatt in *United States v. Mark Nicholas Pyatt a/k/a Daniel G. Randolph*, Crim. No. 1:20-cr-0016-MOC-WCM (W.D. N.C.).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant gives up all right, title, and interest in all assets held in brokerage or bank accounts, including those assets frozen pursuant to this Court's Order granting a preliminary injunction and assets freeze [Doc. No. # 18]; that such assets shall be remitted to the Clerk of the U.S. District Court for the District of Colorado; and that such assets shall be available to be used to satisfy the order of restitution

3

entered in *United States v. Mark Nicholas Pyatt a/k/a Daniel G. Randolph*, Crim. No. 1:20-cr-0016-MOC-WCM (W.D. N.C.). Those assets include, without limitation a bank account opened in the name of Winston Reed Investments LLC with First Internationa Bank and Trust ending with the number xxxxx4657.

Any person or institution holding any assets of Winston Reed Investments LLC shall remit all proceeds from those assets to the Clerk of the U. S. District Court for the Western District of North Carolina. Checks shall be made payable to the Clerk of the U. S. District Court and mailed to:

>Clerk of the Court
>Western District of North Carolina
>100 Otis Street, Room 309
>Asheville, NC 28801
>
>The following information shall be included on each check"
>
>Name of Defendant: Winston Reed Investments LLC
>Court Number: 1:20-cr-0016-MOC-WCM

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 5 days after being served with a copy of this Final Judgment, First Interstate Bank & Trsut shall transfer the entire balance of the following bank account, held in the name of Winston Reed Investments LLC with account number ending in 4657, which were frozen pursuant to an Order of this Court, to the Clerk of the U. S. District Court for the Western District of North Carolina so such assets shall be available to be used to satisfy the order of restitution entered in *United States v. Mark Nicholas Pyatt a/k/a Daniel G. Randolph*, Crim. No. 1:20-CR-0016-MOC-WCM (W.D. N.C.).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED.**

Signed: November 20, 2020

Max O. Cogburn Jr
United States District Judge